DECISION AND JUDGMENT ENTRY
Plaintiffs-Appellants, Charles P. Boyle, Stephen Smith, and Michael Blevins, all firefighters now retired from the employ of Defendant-Appellee, City of Portsmouth, appeal the September 14, 1999 judgment of the Scioto County Court of Common Pleas, which granted partial summary judgment to appellee. The trial court granted the initially appealed summary judgment to appellee on the grounds that the collective bargaining agreement between the City of Portsmouth and the local chapter of the International Association of Firefighters requires the city to pay retiring firefighters for one hundred percent of their unused sick leave hours earned prior to July 1, 1981. The trial court further held that the city's policy of dividing sick days in half was improper and that unused sick hours were to be calculated on the basis of eight hour days rather then twenty-four hour days.
Appellants argue that the trial court erred in the following ways: (1) by not applying the principle of collateral estoppel and precluding the city from litigating the issue of whether unused sick days are calculated on the basis of twenty-four or eight hour periods; (2) by overruling in part their motion for summary judgment; (3) by sustaining the city's motion to have its response to appellants' motion for summary judgment treated as a motion for summary judgment; and, (4) by denying appellants' motion to have the action determined as a class action.
Appellee cross-appeals that portion of the trial court's order forbidding recovery of any amounts overpaid to the retired firefighters under the agreement and the city's computations. We find appellants' arguments to have merit and reverse the judgment of the court below, thereby rendering moot appellee's assignment of error raised on cross-appeal.
 STATEMENT OF THE FACTS AND CASE
Appellants, Charles P. Boyle, Stephen Smith, and Michael Blevins were employed by the City of Portsmouth as firefighters and retired from their positions on July 8, 1994, April 1, 1994, and April 17, 1992, respectively. At the time of appellants' retirements from the fire department, they were subject to the Agreement Between The City Of Portsmouth And The International Association Of Firefighters Local 512 for the period of either January 1, 1994, through December 31, 1996, or September 1, 1990, to September 1, 1993.
For the issues presented in this case, the pertinent parts of these agreements are identical. Both of the agreements contain the following provision:
 A. Members of the Fire Department, upon retirement from the City, shall be paid the first pay period following retirement a lump sum payment for vacation and sick leave according to the following formula:
* * *
 2. All members of the Fire Department shall be paid for 100% of all unused sick leave hours that were earned prior to July 1, 1981, and shall be paid for 33-1/3% of all unused sick leave hours earned from July 1, 1981 to date of retirement.
As of July 1, 1981, Appellant Boyle had 71.75 accumulated unused sick days. As of that same date, Appellants Smith and Blevins had 110.75 and 48.75 of accumulated unused sick days, respectively. To calculate the number of hours for which appellants were to be paid under the terms of this contract provision, the city took the number of accumulated sick days, divided it by two, and multiplied that amount by twenty-four.
On December 21, 1998, appellants filed a complaint in the Scioto County Court of Common Pleas, alleging a breach of contract by the city, based on the miscalculation of the amount of compensation due them for accumulated sick days upon their retirement, and seeking declaratory judgment as to the meaning and construction of the contracts in this regard. On January 20, 1999, appellee filed an answer to the complaint, as well as a motion to stay the proceedings pending the outcome of the case between the International Association of Firefighters Local 512 and the City of Portsmouth, which was also pending in the Scioto County Court of Common Pleas at that time, although before a different judge. Appellee's motion indicated that the issues in the two cases were identical and that the result of this other pending case would be dispositive of the case sub judice. Appellants contested this motion and the court overruled the city's motion for a stay of the proceedings on February 10, 1999.
On May 14, 1999, a pretrial order was filed by the trial court, which set the deadlines for discovery, filing of motions for summary judgment, filing a joint pretrial statement, and exchanging trial materials. The deadline for filing a motion for summary judgment was July 14, 1999. Responses were to be filed by the earlier of August 13, 1999, at 4:00 p.m., or twenty-eight days after the motion was filed.
Appellants filed a motion for class determination on June 23, 1999, and subsequently filed the brief in support of the motion on July 9, 1999.
On July 13, 1999, appellants filed a motion for summary judgment, pursuant to Civ.R. 56. The city filed its response on August 27, 1999, outside the deadline set by the court, but with leave of the court and appellants' consent. The city's response also sought the trial court's leave to file its own motion for summary judgment and for the court to treat appellee's response as its motion for summary judgment. Appellants did not consent to the treatment of appellee's response as a motion for summary judgment. The trial court did, however, treat the response of the city as a summary judgment motion, and appellants were not permitted to file a response to the city's motion prior to the court's ruling on these motions.
On September 14, 1999, the trial court ruled on appellants' motion for class determination and the parties' motions for summary judgment. Without any explanation or determinable analysis, the trial court denied appellants' motion for class determination. The trial court ruled that both motions for summary judgment were partially well taken. In its ruling, the trial court found that the city's practice of dividing sick days in half was improper, but that the 1976 Bargaining Agreement provided that sick hours earned prior to July 1, 1981, were to be calculated on the basis of eight hour days. The trial court further ruled that appellants were not responsible for the reimbursement of any overpayment already made to them by appellee, which overpayments were based on the city's own prior calculations and computation formula.
Appellants timely filed a notice of appeal and present the following six assignments of error for our review. We note that appellants' statement of issues presented omits the Third Assignment of Error but discusses it in the body of their brief, hence we have included it here.
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO INVOKE THE DOCTRINE OF ISSUE PRECLUSION/COLLATERAL ESTOPPEL RELATIVE TO THE ISSUE OF WHETHER PAYMENTS TO THE PLAINTIFF[S] FOR THEIR SICK HOURS UPON RETIREMENT SHALL BE BASED UPON WORK DAYS OF EIGHT (8) HOURS OR WORK DAYS OF TWENTY-FOUR (24) HOURS.
 II. THE TRIAL COURT ERRED BY OVERRULING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART IN THAT EACH COLLECTIVE BARGAINING AGREEMENT WHICH APPLIES TO THE PLAINTIFFS IS CLEAR AND UNAMBIGUOUS AND REQUIRES THAT THE PLAINTIFFS BE PAID 100% OF ALL UNUSED SICK LEAVE HOURS BASED ON WORK DAYS OF TWENTY-FOUR (24) HOURS THAT WERE EARNED PRIOR TO JULY 1, 1981.
 III. THE TRIAL COURT ERRED WHEN IT RELIED UPON ARTICLE X OF THE 1976 COLLECTIVE BARGAINING AGREEMENT IN ORDER TO INTERPRET THE PLAINTIFFS-APPELLANTS AGREEMENTS.
 IV. THE TRIAL COURT ERRED WHEN IT SUSTAINED THE CITY OF PORTSMOUTH'S MOTION TO HAVE ITS RESPONSE TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT TREATED AS A MOTION FOR SUMMARY JUDGMENT DUE TO THE FOLLOWING REASONS: 1) A MOTION FOR SUMMARY JUDGMENT ON BEHALF OF THE DEFENDANT WAS FILED UNTIMELY, AND 2) THE PLAINTIFFS WERE NOT GIVEN AN OPPORTUNITY TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BEFORE THE COURT JOURNALIZED ITS DECISION AND JUDGMENT ENTRY.
 V. THE TRIAL COURT ERRED BY SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART IN THAT THERE IS A QUESTION OF FACT TO BE LITIGATED AS TO WHETHER THE SICK DAYS ARE CALCULATED UPON WORK DAYS OF TWENTY-FOUR (24) HOURS OR EIGHT (8) HOURS.
 VI. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO HAVE THE ACTION DETERMINED AS A CLASS ACTION.
For the purposes of our opinion, appellants' Second, Third, and Fifth Assignments of Error are combined for analysis and discussion.
In its cross-appeal, appellee presents one assignment of error for our review.
 THE TRIAL COURT ERRED BY ORDERING THAT THE DEFENDANT/CROSS-APPELLANT IS BARRED FROM RECOVERY FOR OVERPAYMENTS TO THE PLAINTIFFS.
This assignment of error by the appellee on cross-appeal is rendered moot by our judgment on appellants' assignments of error and will, therefore, not be further addressed in our opinion, pursuant to App.R. 12(A)(1)(c).
 OPINION I.
In their First Assignment of Error, appellants argue that the trial court erred by not applying the doctrine of collateral estoppel to prevent the re-litigation of the issue of whether the payments for unused sick days were to be based on eight or twenty-four hour days. A determination of whether the doctrine of res judicata or collateral estoppel applies is a question of law, which an appellate court must resolve without deference to the decision of the lower court. Ray v.Stepp (Aug. 4, 1995), Jackson App. No. 95CA758, unreported; J.R. Mason,Inc. v. S. Bloomfield (Apr. 4, 1995), Pickaway App. No. 94CA13, unreported; In re Estate of Frazier (Feb. 16, 1995), Ross App. No. 93CA1973, unreported. Accordingly, we conduct a de novo review of the collateral estoppel issue in order to resolve this assignment of error.
We have, in matters previously before this court, addressed the issue preclusion of the collateral estoppel doctrine, as well as the determination of the doctrine's application.
 The issue preclusion aspect of the doctrine, traditionally known as collateral estoppel, holds that a fact that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies. That is, the prior judgment estops a party, or a person in privity with a party, from subsequently relitigating a factual issue determined in the prior action. Trautwein v. Sorgenfrei (1979), 58 Ohio St.2d 493, 391 N.E.2d 326, syllabus; Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, 254 N.E.2d 10, paragraph two of the syllabus.
Fort Frye Teachers Association v. State Employment Relations Board (Oct. 15, 1996), Washington App. No. 95CA33, unreported. Therefore, in order for collateral estoppel to apply to the issue of whether a sick day consists of eight or twenty-four hours, that question must have been at issue in a previous action, between the same parties or their privies, and decided by a court of competent jurisdiction. See Frye. Administrative proceedings can be courts of competent jurisdiction. SeeGonzalez v. McKimm (Jan. 25, 1999), Stark App. No. 97-CA-00297, unreported, citing State ex rel. Kroger Company v. Industrial Commissionof Ohio (1998), 80 Ohio St.3d 649, 687 N.E.2d 768.
In the case sub judice, appellants argue that the same issue has been litigated before an arbitrator between the city and the firefighters' union, of which appellants are also members, thereby rendering them as privies to the parties in that action. The arbitrator's decision, in favor of the firefighters, was presented for review to the Scioto County Court of Common Pleas when the city sought to have the arbitrator's decision overturned and modified. The Scioto County Court of Common Pleas confirmed the arbitration award as legal and proper, and this court affirmed that court's judgment. See City of Portsmouth v. InternationalAss'n of Fire Fighters, Local 512 (Oct. 25, 2000), Scioto App. No. 99CA2668, unreported. It was the position of the city, early on in the proceedings before the trial court, that the outcome of the case involving the arbitration would be controlling in this case, and it so argued in its motion to stay the proceedings.
The arbitrator stated in his decision that the entire dispute in the case presented before him was whether the total hours of sick leave should have been divided by two in order to determine the amount of payment for unused sick days. During the arbitration, the city conceded that the proper calculation formula was not the number of sick days multiplied by twelve, but unsuccessfully argued that it should be the number of sick days multiplied by eight. When issuing the award, the arbitrator stated that the accumulated sick days were to be multiplied by twenty-four, in order to determine the number of sick hours.
In determining the outcome of the arbitration, the arbitrator relied in part on Medley v. City of Portsmouth (Dec. 23, 1996), Scioto App. No. 96CA2426, unreported. In Medley, the trial court granted summary judgment in favor of several firefighters. This court affirmed that judgment and found that the agreement between the City of Portsmouth and the firefighter's union clearly and unambiguously requires the payment of one hundred percent of the unused sick hours accumulated before July 1, 1981. The same result was reached by the Scioto County Court of Common Pleas in Aldridge v. City of Portsmouth (Feb. 26, 1993), Scioto C.P. No. 92-CI-167, unreported.
Therefore, as the issue of how to calculate the number of hours of sick leave was already litigated between the parties or their privies, and the issue has been decided as being the number of sick days multiplied by twenty-four, the trial court erred when it failed to apply the doctrine of collateral estoppel and make a like finding. Appellants' First Assignment of Error is hereby SUSTAINED.
 II.
Appellants' Second, Third, and Fifth Assignments of Error assert three interrelated arguments: 1) the trial court erred by overruling in part appellants' motion for summary judgment; 2) the trial court erred by relying on an article from a prior agreement between the parties in granting appellee's summary judgment; and 3) the trial court erred by sustaining in part appellee's motion for summary judgment.
Appellants argue that the language of the collective bargaining agreement between the firefighters' union and the city is clear and unambiguous in that it requires the city to pay appellants for one hundred percent of their unused sick leave hours accumulated prior to July 1, 1981, based upon twenty-four hour days. Appellants also argue that the trial court's reliance on an earlier agreement between the parties was improper under the parol evidence rule. Appellants finally argue in the alternative that there is a question of fact to be litigated regarding whether a sick day equals eight or twenty-four sick hours.
A de novo review of the record must be conducted as we are reviewing the trial court's granting of summary judgment pursuant to Civ.R. 56.Renner v. Derrin Acquisition Corp. (1996), 111 Ohio App.3d 326,676 N.E.2d 151.
As the Supreme Court of Ohio stated in Welco Industries, Inc. v.Applied Cos. (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1132
(citations omitted),
 Under Civ.R. 56, summary judgment is proper when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Ohio law is clear in that the interpretation of written contracts is a matter of law. As the Eighth District Court of Appeals has succinctly stated,
 Contracts are to be construed so as to give effect to the intent of the parties, and that intent is presumed as a matter of law to be fully revealed in the language the parties choose to incorporate into the agreement. Indiana Ins. Co. v. Carnegie Constr., Inc. (1995), 104 Ohio App.3d 219, 222-223, 661 N.E.2d 776. If the terms of the contract are clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377; Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322, 474 N.E.2d 271. However, if a term cannot be determined from the four corners of the document, factual determination of intent may be necessary to supply the missing term. Id.
Climaco, Climaco, Seminatore, Lefkowitz Garofoli Co., L.P.A. v. RobertE. Sweeney Co., L.P.A., et al. (1997), 123 Ohio App.3d 289, 295,704 N.E.2d 47, 51.
"Courts may not admit parol evidence to vary, alter, or modify the terms of a clear and unambiguous written agreement." Medley v. City ofPortsmouth (Dec. 23, 1996), Scioto App. No. 96CA2426, unreported, citingKelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, 509 N.E.2d 411;Trader v. People Working Cooperatively, Inc. (1994), 104 Ohio App.3d 690,663 N.E.2d 335; Uebelacker v. Cincom Systems, Inc. (1988),48 Ohio App.3d 268, 549 N.E.2d 1210.
In the instant case, the firemen retired under two collective bargaining agreements that contained the same language concerning the payment for unused sick hours earned before July 1, 1981. That language requires the payment for one hundred percent of sick leave hours accumulated prior to July 1, 1981. The language is clear and unambiguous and, therefore, subject to only one interpretation. As such, the trial court's reliance on prior agreements between the parties to interpret the agreements under which appellants retired was improper. Even if the trial court found the agreement to be ambiguous, as appellee argues, reliance on the prior agreements to determine the intent of the parties in its ruling on the summary judgment motions was still in error because the determination of an ambiguous term is a factual determination. SeeClimaco, supra.
The main issue, which also arose in prior actions, came about because the sick leave accumulated prior to July 1, 1981, was recorded in terms of days rather than hours, as needed for the calculation under the contract. As we previously discussed, the issue of how to convert the sick days to sick hours has previously been resolved through binding arbitration, which has been confirmed and affirmed by the courts. SeeCity of Portsmouth v. International Ass'n of Fire Fighters, Local 512
(Oct. 25, 2000), Scioto App. No. 99CA2668, unreported. Sick leave hours, as previously determined, are to be calculated by multiplying the number of sick days accumulated before July 1, 1981, by twenty-four. See id.;Medley, supra.
Therefore, appellants' Second and Third Assignments of Error are SUSTAINED, and their Fifth Assignment of Error is OVERRULED.
 III.
Appellants' Fourth Assignment of Error asserts that the trial court committed prejudicial error by granting leave to appellee to have its response to appellants' motion for summary judgment treated as a late motion for summary judgment and then so treating appellee's response. The trial court erred in doing so, appellants argue, because appellee's motion for summary judgment was untimely filed and appellants were denied an opportunity to respond to the motion before it was ruled on.
As noted previously, a pretrial order was filed by the trial court, which set the very specific deadlines for discovery, filing of motions for summary judgment, filing a joint pretrial statement, and exchanging trial materials. The deadline for filing a motion for summary judgment was July 14, 1999. Responses were to be filed by the earlier of August 13, 1999, at 4:00 p.m. or twenty-eight days after the motion was filed. Appellants' motion was timely filed. Appellants then agreed to consent to an extension of time to allow appellee to file a response. The court granted the extension, but when the response was filed, appellee sought to have the response treated as a motion for summary judgment, which the court also did. The court then ruled on the motion without permitting appellants to file a response to appellee's response, now being treated as a Civ.R. 56 motion for summary judgment.
The granting of leave to file an untimely motion for summary judgment is discretionary with the trial court, and a trial court's decision to grant leave to file will not be reversed absent an abuse of discretion. See City Loan Savings Co. v. Howard (1984), 16 Ohio App.3d 185,475 N.E.2d 154. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is arbitrary, unreasonable, or unconscionable. Franklin Cty. Sheriff'sDept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 589 N.E.2d 24;Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991),60 Ohio St.3d 120, 573 N.E.2d 622. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,566 N.E.2d 1181, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,559 N.E.2d 1301.
By allowing the appellee to file a late motion for summary judgment and ruling on it before the deadline for filing a memorandum in opposition to the motion, the trial court failed to allow appellants to properly prepare a response. In appellants' brief, they state with specificity the actions that they would have taken had the court permitted them to do so. Therefore, the trial court abused its discretion by effectively not permitting appellants to respond to appellee's late motion for summary judgment.
Therefore, appellants' Fourth Assignment of Error is SUSTAINED.
 VI.
Appellants' Sixth Assignment of Error asserts that the trial court erred by not certifying appellants' cause as a class action. A trial court has broad discretion in determining whether to certify a class action under Civ.R. 23 and, absent an abuse of discretion, an appellate court will not disturb the court's ruling. Schmidt v. Avco Corp. (1984),15 Ohio St.3d 310, 312-313, 473 N.E.2d 822, 823-825; Vinci v. AmericanCan Co. (1984), 9 Ohio St.3d 98, 99, 459 N.E.2d 507, 509.
The trial court's decision to deny class action status to appellants is not in error as the court did not commit an abuse of discretion. The trial court's decision is proper considering that there are a limited number of potential litigants, and that number continues to dwindle. Given our ruling on appellants' prior assignments of error, specifically our ruling that the City of Portsmouth is collaterally estopped from relitigating the determination of sick leave, a class action determination would be unnecessary.
Therefore, appellants' Sixth Assignment of Error is hereby OVERRULED.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Harsha, J., and Kline, J. Concur in Judgment Only.