VINCI, APPELLEE, *v.* AMERICAN CAN COMPANY ET AL., APPELLANTS.

[Cite as Vinci *v.* American Can Co. (1984), 9 Ohio St. 3d 98.]

(No. 83-508—Decided February 1, 1984.)

*Messrs. Spangenberg, Traci & Lancione* and *Mr. John G. Lancione,* for appellee.

*Messrs. Squire, Sanders, & Dempsey* and *Mr. Robin G. Weaver,* for appellants.

CELEBREZZE, C.J. The single question to be answered in this appeal is whether the trial court properly certified the case at bar to proceed as a class action. In evaluating this question, we are mindful that a trial court's determination that a cause proceed as a class action under Civ. R. 23 will not be disturbed absent an abuse of discretion. It is our function to determine whether the trial court abused its discretion in certifying this particular class action.[1]

Civ. R. 23 provides that, under the proper circumstances, one or more litigants may in a single proceeding represent the interests of a large class of persons similarly situated. In order to maintain a class action, all the requirements of Civ. R. 23(A), as set forth below, must be satisfied:

"One of more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

In the case at bar, the trial court found that the class represented by appellee, consisting of sixty-eight members, rendered joinder impracticable under Civ. R. 23(A)(1). The rule itself does not specify the minimum class size which will render joinder impracticable. The rule thus allows for a certain degree of flexibility in the determination of whether the proposed class is sufficiently numerous to qualify under Civ. R. 23(A)(1). In our view, that determination should be left to the sound discretion of the trial court. The thrust of appellants' argument in this context is that a sixty-eight member class

---

[1] The Staff Note to Civ. R. 23 states, in part:

"The basic effect of Rule 23 is to provide the trial judge with considerable flexibility and discretion in handling purported class actions. The rule provides him with detailed guidelines to assist him in this task."

does not render joinder impracticable. However, appellants fail to state why joinder is not impracticable in this particular instance. It follows that appellants have not established that the trial court abused its discretion in ruling that appellee satisfied Civ. R. 23(A)(1).

With respect to Civ. R. 23(A)(2), appellants argue that the class represented by appellee lacks commonality of interest with the appellee himself. In *Zacchini* v. *Scripps-Howard Broadcasting Co.* (1976), 47 Ohio St. 2d 224 [1 O.O.3d 129], reversed on other grounds (1977), 433 U.S. 562, we held at paragraph one of the syllabus:

"One who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy, and the use or benefit need not necessarily be commercial."

Under the standard of liability announced in *Zacchini, supra,* all members of the class represented by appellee are potentially entitled to recovery in this forum.[2] Appellants' alleged appropriation of the names and/or likenesses of the class members was based on a single advertising promotion. Thus, members of the class represented by appellee do share common questions of both law and fact. The trial court committed no abuse of discretion in so finding.

Appellants argue further that, pursuant to Civ. R. 23(A)(3), appellee's claim is not typical of the class he seeks to represent because appellee has not achieved the notoriety that some other class members had at the time of the alleged invasion. Appellants' argument in this respect is simply not relevant to Civ. R. 23(A)(3). Regardless of the notoriety attained by the various class members, under *Zacchini, supra,* the invasion would nonetheless be actionable. The degree of notoriety may impact on the amount of damages to which each class member may be entitled. However, the nature of a claim and the issue of damages are analytically independent inquiries. Consequently, appellee's claim is indeed typical of the claims of the class. The trial court correctly found that the requirement of Civ. R. 23(A)(3) had been met.

Appellants pursue their contention further by alleging that appellee will not "fairly and adequately protect the interests of the class" under Civ. R. 23(A)(4). Appellants suggest that appellee has not suffered the same injury as the other class members because several members of the class have achieved prominence which transcends the degree of fame achieved by appellee.[3] Again appellants confuse liability with the extent of recoverable damages. While it may be true that the more notable athletes in the class represented by appellee may be entitled to recover more damages than ap-

---

[2] Despite the questionable merits of appellants' claim that due process would be violated if the judgment of the trial court were to bind all non-resident class members, appellants raise that issue for the first time before this court. That alone is sufficient reason to resolve that issue in favor of appellee.

[3] *E.g.,* Cassius Clay, Sugar Ray Leonard, Jesse Owens, Oscar Robertson, Bill Russell, Mark Spitz, and Jerry West.

pellee himself, the injury, *i.e.*, the alleged invasion of privacy, is a common thread connecting all members of the class as defined by the trial court. Appellants make no contentions that appellee's interest in this litigation is somehow adverse to the interests of the other class members or that appellee's counsel lacks the competence to advance appellee's claim. We agree with the following statement by the court of appeals below:

"This requirement [Civ. R. 23(A)(4)] is satisfied where plaintiff's counsel is able and experienced and where there is no danger of a collusive suit potentially detrimental to the rights of the class * * * [citations omitted]. There has been no suggestion of collusion in this case. And there is no reason advanced to challenge the ability and expertise of plaintiff's counsel. The protection requirement is satisfied."

We now turn to the principal argument raised by appellants. After finding that all the requirements of Civ. R. 23(A) had been met, the trial court ruled that appellee's action also came within Civ. R. 23(B)(3) which states:

"An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

"* * *

"(3)   the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."

Appellants' position is that the instant proceeding does not come within Civ. R. 23(B)(3) because the amount of damages may vary among class members. Appellants reason that the question of damages affects only individual class members and thus predominates over questions of law or fact common to the class. We disagree. While potential dissimilarity in remedies is a factor to be considered in determining whether individual questions predominate over common questions, that alone does not prevent a trial court from certifying a cause as a class action. The overwhelming body of law so indicates. See *Miles* v. *N. J. Motors* (1972), 32 Ohio App. 2d 350, 356 [61 O.O.2d 518]; *De La Fuente* v. *Stokely-Van Camp, Inc.* (C.A. 7, 1983), 713 F. 2d 225, 232; *Campbell* v. *New Milford Bd. of Edn.* (1980), 36 Conn. Supp. 357, 362, 423 A. 2d 900, 904; *Perry* v. *Meek* (Okla. 1980), 618 P. 2d 934, 938; *Ross* v. *Shawmut Development Corp.* (1975), 460 Pa. 328, 333, 333 A. 2d 751, 753; *Stevens* v. *Bd. of Trustees* (La. 1975), 309 So. 2d 144, 149; *Sta-Power Industries, Inc.* v. *Avant* (1975), 134 Ga. App. 952, 954, 216 S.E. 2d 897, 901; *Jenson* v. *Continental Financial Corp.* (D.Minn. 1975), 404 F. Supp. 806, 810;

*Schlosser* v. *Allis-Chalmers Corp.* (1974), 65 Wis. 2d 153, 175, 222 N.W. 2d 156, 167; *Johnson* v. *Travelers Ins. Co.* (1973), 89 Nev. 467, 473, 515 P. 2d 68, 73; *Lusky* v. *Capasso Bros.* (1972), 118 N. J. Super. 369, 373, 287 A. 2d 736, 738; *Collins* v. *Rocha* (1972), 7 Cal. 3d 232, 238, 102 Cal. Rptr. 1, 4, 497 P. 2d 225, 228; *Eisen* v. *Carlisle & Jacquelin* (C.A. 2, 1968), 391 F. 2d 555, 566.

It is fundamental here that each member of the class represented by appellee may not be awarded the same amount of damages in the event appellants are found liable. Nevertheless, the key fact is that the injuries sustained by the class flow from identical operative facts, *i.e.,* appellants' 1980 Dixie Limited Edition Olympic Games cups promotion. As such, we are convinced that the trial court was within its discretion to rule that the instant action qualified under Civ. R. 23(B)(3).

Furthermore, Civ. R. 23(C)(2) provides:

"In any class action maintained under subdivision (B)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (a) the court will exclude him from the class if he so requests by a specified date; (b) the judgment, whether favorable or not, will include all members who do not request exclusion; and (c) any member who does not request exclusion may, if he desires, enter an appearance through his counsel."

Thus, all members of the class will be afforded notice of the suit and be provided an opportunity to opt out of the class and the litigation if so desired. This should alleviate appellants' concerns regarding rendering a judgment binding upon all class members.

Accordingly, for the foregoing reasons, the decision of the court of appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I must dissent from the majority opinion in that the trial court clearly abused its discretion by certifying this case as a class action.

Among the requirements of Civ. R. 23(A)(2) is that a class action is appropriate only when there are questions of law or fact common to the class. For a person to properly bring an action for the benefit of himself and others, the complaint must describe a common or identical interest between the plaintiff and those he assumes to represent. *General Telephone Co. of the Southwest* v. *Falcon* (1982), 457 U.S. 147.

A class representative must possess the same interest and suffer the

same injury as other class members. *East Texas Motor Freight* v. *Rodriguez* (1977), 431 U.S. 395; *Schlesinger* v. *Reservists Committee to Stop the War* (1974), 418 U.S. 208. This requirement affords due process protection to absent parties. *Hansberry* v. *Lee* (1940), 311 U.S. 32.

Therefore, a class action may not be maintained where an analysis of the claimed common question of fact indeed shows the facts not to be common to all in the claimed class. In addition, a class should not be certified where the applicable law may vary, depending upon which members of the class the particular law is to be applied.

Here, the sole common thread running among these proposed class members is that at some point in their lives each was a participant in the Olympic Games. The composition of the proposed class includes prominent professional sports figures known and recognized by the public, some of whom are still participating and some of whom are not. The class also includes athletes who have maintained their amateur standing and have remained relatively unknown to the general public. In today's decision, the majority of this court allows a member of this latter category, who has remained relatively unknown, to serve as the class representative for such well known "name" professional athletes as Jesse Owens, Bill Russell, Jerry Lucas, Oscar Robertson, Joe Frazier, Johnny Weismuller and Sugar Ray Leonard among others. I am of the opinion that such representation would violate due process.

The allegations of the plaintiff's amended complaint do not state a cause of action common to all of the previous Olympic participants attempted to be brought together in this class action. The plaintiff asserts that the defendants "invaded the plaintiffs' [*sic*] right of privacy and right of publicity and, further, they have been wrongfully and unjustly enriched thereby." Thus, two theories of recovery have been set forth in the plaintiff's pleading, one in reliance upon the theory of invasion of the right of privacy, and the other upon the theory that there had been an invasion of the right of publicity. Within the framework of pleading such separate causes of action, it may be concluded that those among the athletes who are relatively unknown may have an actionable claim for invasion of their privacy, but, conversely, a rather remote or non-existent claim of an appropriation of any commercial value of their right of publicity. However, the claim of invasion of their right of publicity would be significantly different for a sizeable number of the other named athletes whose names and athletic activities had received a high degree of public awareness.

Any inquiry into the necessary issue of typicality requires a comparison of the claims or defenses of the representative with the claims and defenses of the class. *Taylor* v. *Safeway Stores, Inc.* (C.A. 10, 1975), 524 F. 2d 263. The claims that reasonably could be asserted by Vinci in this action differ from others in the purported class. His claims would more reasonably sound in invasion of privacy and such right is the basis of a particularly personal cause of action. *Shibley* v. *Time, Inc.* (1975), 45 Ohio App. 2d 69 [74 O.O.2d

101]. This right differs dramatically from person to person and therefore is not appropriate for a class action.

By contrast, public figures have, to a certain degree, given up their right of privacy and have taken their position in the public eye. Hence, there is a much greater foundation for a claim based upon the right of publicity for such well-known public figures. As to these members of the purported class, it is probable that many of them have assigned their rights in the commercial value of their identity to others for the purposes of advertising and public relations. In such instances, the athlete would have no personal right or standing in this action. Therefore, in my view, there has not been shown to be a typicality of class among these name athletes.

Another significant issue that necessarily has to be addressed within the commonality issue is that of the appropriate law to be applied to the liability issues. Here, a majority of the purported class are residents of states other than Ohio. It would seem that in deciding the existence of any right of liability based upon the rights of privacy or publicity, the state law of each plaintiff's domicile would have to be applied. *National Bank of Commerce* v. *Shaklee Corp.* (W.D. Texas 1980), 503 F. Supp. 533; Restatement of the Law, Conflict of Laws 2d (1971) 467, Section 153.

Finally, judicial economy will not be served by class certification in the case *sub judice*. As discussed, the alleged injuries are not easily identified. Due to the diversity in the composition of class members, liability and damages will have to be determined separately for each complainant. As recognized by the majority, more notable athletes, if successful, will be entitled to recover a greater amount of damages than other members of the class. This difference in remedies is of great significance as the amount of injury will vary widely due to the prominence of the individual. Therefore, an unusual amount of evidence will be required in order to establish compensable injury and damages arising therefrom. This evidence, in and of itself, will be unduly burdensome on the trial court.

I conclude that this is not an appropriate action to be brought in the class format, since it has not been clearly shown that this plaintiff is in position to represent the interests of the purported class. The plaintiff may well have a viable action as contained within his complaint, but in bringing such action he should not be permitted to represent a class involving such diversification of personalities and diversification of facts necessarily applicable thereto.

Accordingly, I would reverse the judgment of the court of appeals.