ARNDT et al., Appellees and Cross–Appellants,

v.

P & M Ltd. et al., Appellants and Cross–Appellees.

[Cite as *Arndt v. P & M Ltd.,* 163 Ohio App.3d 179, 2005-Ohio-4481.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2004–P–0009.

Decided Aug. 26, 2005.

180

Cochran & Cochran and George W. Cochran, for appellees and cross-appellants.

Gallagher, Sharp, Fulton & Norman, Timothy J. Fitzgerald, John T. Murphy, and George H. Carr, for appellants and cross-appellees.

DIANE V. GRENDELL, Judge.

{¶ 1} Defendant-appellants and cross-appellees, P & M Ltd. and Modern Management Solutions, L.L.C. (collectively, "P & M Estates") appeal the January 12, 2004 judgment entry of the Portage County Court of Common Pleas, granting, in part, plaintiff-appellees' and cross-appellants' motion for class certifi-

cation in a class action filed by certain residents of P & M Estates ("plaintiffs").[1] For the following reasons, the decision of the court below is affirmed in part and reversed in part, and the cause is remanded.

{¶ 2} P & M Estates is a mobile or manufactured home park located in Garrettsville, Ohio. The park is located north of State Route 82 and contains 233 lots. The park is bisected by Mahoning Creek, a tributary of Eagle Creek, creating in the center of the park a "hundred year flood plain," i.e., an area adjoining a river or stream inundated with a flood having a one percent chance of being equaled or exceeded in any given year, established by the Federal Emergency Management Agency. R.C. 3733.01(M), (N), (O) and (P).

{¶ 3} According to the allegations in the complaint, there has been regular and repeated flooding of Mahoning Creek since 1992. The worst incident occurred in July 2003, when flood waters covered over 40 lots within the park according to the estimate of Portage County Health Department Inspector, Jack Medved. Medved also estimated that, at this time, only about four or five homes suffered "substantial damage" as defined by the Ohio Administrative Code. Ohio Adm. Code 3701–27–01(AA) ("when the cost of restoring the manufactured home to its condition before the damage occurred will equal or exceed fifty percent of the market value of the manufactured home before the damage occurred"). According to an Ohio Department of Health report following the July 2003 flooding, approximately 18 homes suffered damage ranging from damage to skirting to damage to flooring and porches.

{¶ 4} On June 18, 2002, a class action complaint was filed against P & M Estates by current residents of P & M Estates "on behalf of all natural persons who have resided in P & M Estates * * * since January 1, 1992." On September 24, 2003, plaintiffs filed a "First Amended Class Action Complaint (Other Tort)." The amended complaint alleges that, in 1992, P & M Estates built a culvert bridge over Mahoning Creek which, due to the inadequacy of its design, obstructs the natural flow of the creek and causes flooding. The complaint further alleges that P & M Estates has been aware of the problem caused by the culvert bridge but has failed to take corrective action to prevent further flooding. P & M Estates' liability in the complaint is premised on six violations of R.C. 3733.10, setting forth the obligations of manufactured home park operators.[2] For relief,

---

1. As of the filing of the "Second Amended Class Action Complaint (Other Tort)" on February 24, 2004, the named representatives of the class are Chris Arndt, Doug and Denise Bly, James and Patricia Menges, Jason and Darlene Debolt, William Mzik, and Earlene Waggoner.

2. Specifically, the complaint alleges that P & M Estates has violated R.C. 3733.10(A)(1) by failing to prevent recurrent flooding, violated R.C. 3733.10(A)(1) by failing to provide a flood-plain site plan in accordance with the Ohio Administrative Code, violated R.C. 3733.10(A)(1) by failing to notify the county health department in the event of a flood event, violated R.C.

the complaint seeks "both preliminary and permanent injunctions" requiring P & M Estates to remove the culvert bridge, to erect a new and appropriately designed bridge, to provide all documents to the Ohio Department of Health as required by the Ohio Administrative Code, to submit a flood-plain management plan, and to refrain from increasing rent during the pendency of the class action except as permitted by R.C. 3733.09(C). The complaint further seeks declaratory judgment that plaintiffs have a private cause of action under R.C. Chapter 3733 for violations thereof. Finally, the amended complaint demands compensatory damages, punitive damages, attorney fees, and costs.

{¶ 5} On July 17, 2003, plaintiffs filed a motion for class certification. On September 23, 2003, the trial court granted plaintiffs' motion to bifurcate the issues of compensatory damages and liability. On September 29, 2003, an evidentiary hearing on plaintiffs' motion was held before a magistrate of the court.

{¶ 6} The magistrate's decision, issued October 8, 2003, recommended granting in part and denying in part plaintiffs' motion for class certification. The magistrate's decision divided the proposed class "of all natural persons who have resided in P & M Estates * * * since January 1, 1992" into three subclasses. Civ.R. 23(C)(4)(b) ("a class may be divided into subclasses and each subclass treated as a class"). The three subclasses corresponded to the type of relief sought: injunctive relief, loss-of-use/loss-of-enjoyment damages, and compensatory damages for particular damage to property. The magistrate recommended certification of a class consisting of all current P & M Estates residents for purposes of injunctive relief and a class consisting of park residents since January 1, 1992 for claims of loss of use of the common areas and loss of enjoyment of homes caused by the floodwaters.

{¶ 7} On January 12, 2004, the trial court adopted the magistrate's decision regarding certification of a class for purposes of injunctive relief, but refused to certify a class for the purposes of loss-of-use/loss-of-enjoyment damages, "finding that Plaintiffs have failed to prove that the claims of the individual tenants of the mobile home park are similar enough to warrant a finding that there are questions of law or fact common to the class or that the claims of the representative parties are typical of the claims of the purported class." Both parties have timely appealed.

---

3733.10(A)(2) by failing to maintain the premises in a fit and habitable condition, violated R.C. 3733.10(A)(3) by failing to keep all common areas in a safe and sanitary condition, and violated R.C. 3733.10(A)(4) by failing to maintain storm sewers in good and safe working order. The complaint also contains a claim for punitive damages under R.C. 2315.21(C)(1).

{¶ 8} P & M Estates raises the following assignment of error: "The trial court erred in certify[ing] a class of persons entitled to injunctive relief."

{¶ 9} Plaintiffs raise the following assignments of error in their cross-appeal:

{¶ 10} "[1.] The trial court did not err in certifying a class of persons entitled to injunctive relief under RC Chapter 3733.

{¶ 11} "[2.] The trial court did err in refusing to certify the 'loss of use' and damages sub-classes for class action treatment under RC Chapter 3733."

{¶ 12} "A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chem. Co., Inc.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus; *Vinci v. Am. Can Co.* (1984), 9 Ohio St.3d 98, 9 OBR 326, 459 N.E.2d 507, paragraph one of the syllabus ("A trial court's determination that a cause proceed as a class action under Civ.R. 23 will not be disturbed absent an abuse of discretion"). The standard for "abuse of discretion" is readily defined, albeit broadly, as more than an error of law or judgment, but implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Ojalvo v. Ohio State Univ. Bd. of Trustees* (1984), 12 Ohio St.3d 230, 232, 12 OBR 313, 466 N.E.2d 875.

{¶ 13} "A trial judge must make seven affirmative findings before a case may be certified as a class action." *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091, paragraph one of the syllabus. First, there must be an identifiable and unambiguous class. Id. at paragraph two of the syllabus. Second, "the class representatives must be members of the class." Id. at 96, 521 N.E.2d 1091. The remaining preconditions for class certification are set forth in the Civil Rules. Id. at 97, 521 N.E.2d 1091. The certifying court must find that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Civ.R. 23(A). Finally, the court must find that one of three conditions set forth in Civ.R. 23(B) exists. *Warner,* 36 Ohio St.3d at 94, 521 N.E.2d 1091.

{¶ 14} As P & M Estates' sole assignment of error and plaintiffs' first assignment of error on cross-appeal concern the propriety of the trial court's certifying a class for the purposes of injunctive relief, these assignments of error shall be addressed together.

{¶ 15} The magistrate's decision adopted by the trial court contained the seven affirmative findings required for class certification. These findings are as

follows: (1) the identifiable and unambiguous class consists of all current residents of P & M Estates, (2) the named class representatives are members of this class, (3) the class, consisting of the residents of at least 200 homes within the park, is so numerous that joinder of all members is impracticable, (4) the common question of law or fact is whether P & M Estates has violated the Ohio Administrative Code and whether the class is entitled to an order requiring P & M Estates to take action to remedy the alleged violations, (5) the injunctive relief sought by the class representatives is identical to the relief sought by other members of the class, (6) since the interests of the class representatives are identical to that of the unnamed members of the class, the named plaintiffs will fairly and adequately protect the interests of the class, and (7) there is a risk of inconsistent or varying verdicts if each individual class member were to proceed separately, e.g., there could be varying adjudications regarding the cause of the flooding and thus P & M Estates' ultimate liability. Also, the questions of law or fact common to the individual class members predominate over any questions affecting only individual members and, therefore, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Civ.R. 23(B)(1) and (3).

{¶ 16} P & M Estates raises several arguments challenging the validity of the lower court's findings regarding class certification. P & M Estates' principal argument is that, at most, only 18 members of the proposed class have suffered any injury, i.e., physical damage to their homes and, therefore, have standing to bring suit. We disagree.

{¶ 17} The issue of standing does not affect the existence of a suitable class for certification. The focus under this first factor is "on how the class is defined." *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 73, 694 N.E.2d 442. "The test is whether the means is specified at the time of certification to determine whether a particular individual is a member of the class." *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho* (1990), 52 Ohio St.3d 56, 63, 556 N.E.2d 157. The lower court's identification of a class consisting of all current residents of P & M Estates is not ambiguous merely because all the current residents of P & M Estates might not have suffered a compensable injury.

{¶ 18} The requirement of standing, as far as it applies to a proceeding to determine class certification, applies to the named class representatives. "The class membership prerequisite requires only that 'the representative have proper standing. In order to have standing to sue as a class representative, the plaintiff must possess the same interest and suffer the same injury shared by all members of the class that he or she seeks to represent.'" *Hamilton*, 82 Ohio St.3d at 74, 694 N.E.2d 442. "Thus, to be a proper representative in a class action seeking

injunctive relief, the plaintiff must have a basis for injunctive relief in his own right." *Woods v. Oak Hill Community Med. Ctr., Inc.* (1999), 134 Ohio App.3d 261, 268, 730 N.E.2d 1037.

{¶ 19} In the present case, the basis for injunctive relief is statutory. Under the Revised Code, manufactured home park operators have a duty to comply with the requirements of all codes "which materially affect health and safety," to do "whatever is reasonably necessary to * * * keep the premises in a fit and habitable condition," to "[k]eep all common areas * * * in a safe and sanitary condition," and to maintain all "septic systems, sanitary and storm sewers, * * * and well and water systems." R.C. 3733.10(A)(1), (2), (3), and (4). "If the park operator violates any provision of this section, * * * the resident may recover actual damages resulting from the violation * * * and injunctive relief * * *." R.C. 3733.10(B). Under these provisions, any resident affected by a park operator's failure to fulfill its obligations under R.C. 3733.10 has standing to seek injunctive relief.

{¶ 20} In the present case, there was evidence that common areas of the park, including roads and recreational areas, were affected by the flooding of Mahoning Creek. There was also evidence that flood events created public health issues that would be the concern of all park residents, such as seepage, mosquitoes, and sewage overflow. Since all residents of P & M Estates have an interest in the maintenance of common areas, as well as the fit and habitable condition of the general premises, the class of all current residents of P & M Estates has standing to seek injunctive relief.

{¶ 21} For this reason, P & M Estates' argument that plaintiffs have failed to satisfy the numerosity requirement also fails. Contrary to P & M Estates' position that the certified class is limited to the tenants and owners of the 18 homes that suffered damage, the class actually encompasses the tenants and owners of the 200 or more homes located within the park.

{¶ 22} P & M Estates also argues that standing is limited to "residents" of the park, statutorily defined as "person[s] entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others," including "both tenants and owners." R.C. 3733.01(L). According to P & M Estates, the certified class is inappropriate because it has not been demonstrated that all class members meet this statutory definition. See *Eastgate Mobile Home Park Residents Assn. v. Klekamp* (Jan. 31, 1994), 12th Dist. No. CA92–05–060, 1994 WL 29876. This argument is specious. The certified class consists of "current residents." The term "residents" is not defined within the lower court's judgment entry and, in the absence of anything contrary, the statutory definition is presupposed. The purpose of class certification is to define a class, not to

demonstrate which putative plaintiffs meet the definition. *Planned Parenthood,* 52 Ohio St.3d at 63, 556 N.E.2d 157 ("Civ.R. 23 does not require a class certification to identify the specific individuals who are members so long as the certification provides a means to identify such persons").

{¶ 23} P & M Estates also argues that plaintiffs must exhaust the statutory remedy provided by R.C. 3733.12 before they have standing to bring suit under R.C. 3733.10. Under R.C. 3733.12(A) and (B), park residents may deposit their rent payments with the local municipal or county court where a park operator fails to remedy violations of R.C. 3733.10 and where park residents have complained in writing of the violations. Residents may then "[a]pply to the court for an order directing the park operator to remedy the condition." R.C. 3733.12(B)(2). P & M Estates maintains that, since plaintiffs have never provided written notice of alleged violations as required by R.C. 3733.12, they may not seek redress through a class action. We disagree.

{¶ 24} As demonstrated above, R.C. 3733.10(B) expressly allows park residents to seek injunctive relief, as well as compensatory damages, for violations of R.C. 3733.10 without reference to the procedures set forth in R.C. 3733.12. These remedies are general remedies already existing at law. R.C. 3733.12 creates special statutory remedies not otherwise available at law, i.e., allowing residents to deposit their rent into escrow and granting the trial court broad power to order compliance. Plaintiffs herein are not seeking either remedy; therefore, they are not required to follow the procedures set forth in R.C. 3733.12.

{¶ 25} P & M Estates next challenges the trial court's findings that there are common questions of law or fact and that these common questions predominate over questions affecting individual members. P & M Estates notes that the only common questions of law or fact identified by the lower court were "whether P & M Estates is in violation of the Ohio Administrative Code and whether the class is entitled to an order requiring P & M Estates to remedy the alleged violation by alleviating the flooding problem." P & M Estates relies on the proposition of law that the violation of an administrative rule does not constitute negligence per se. *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 568, 697 N.E.2d 198.

{¶ 26} We reject P & M Estates' argument for the reason that plaintiffs pled a statutory cause of action rather than negligence claims. We note, however, that the lower court's judgment entry incorrectly narrows the common questions of law and fact to alleged violations of Ohio's Administrative Code. The common question, as discussed above, is whether P & M Estates has violated R.C. 3733.10. The question of whether P & M Estates has violated the Administrative Code is contained within this broader question. As discussed above, R.C. 3733.10 impos-.

es on manufactured home park operators, among other duties, the duty to comply with the requirements of "all applicable building, housing, health, and safety codes which materially affect health and safety and rules of the public health council." R.C. 3733.10(A)(1). Therefore, P & M Estates is required to comply with Ohio Administrative Code Chapter 3701–27, promulgated by the Ohio Public Health Council and concerning mobile home parks and flood plain management. P & M Estates is also required to comply with the other duties imposed by R.C. 3733.10(A). The true common question of law or fact encompasses the violation of any of the duties contained in this section.

{¶ 27} As to why common questions do not predominate, P & M Estates raises several issues which are allegedly not common to the class. We find, however, that these issues are either irrelevant or subsidiary to the predominant, common question presented. For example, P & M Estates maintains that the lower court will have to analyze how long each individual class member has resided in the park. This determination is irrelevant given that only current residents of the park are class members and the relief sought, injunctive relief, is prospective. Again, P & M Estates asserts that the lower court will have to consider the individual lease agreements of class members. P & M Estates' liability is premised on statute, not the individual lease agreements, and P & M Estates' obligations under the statute may not "be modified or waived by any oral or written agreement." R.C. 3733.15(A). P & M Estates also alleges that the potential remedy for the flooding may differ as to individual plaintiffs depending on the location of each plaintiff's home within the park. This, also, is a nonissue. As the lower court has observed, "[a]s a practical matter, if even one resident gets injunctive relief, then all residents of the park get it." We are not persuaded that the relief sought will vary according to the location of each plaintiff's residence within the park.

{¶ 28} The ultimate question, common to all plaintiffs, is whether P & M Estates is in violation of the duties and obligations imposed by R.C. 3733.10 with respect to the recurring flooding. If it is determined that P & M Estates is in violation, plaintiffs are entitled to injunctive relief to enforce compliance.

{¶ 29} Finally, P & M Estates argues that plaintiffs have failed to meet the typicality requirement of Civ.R. 23(A)(3). "The requirement of typicality is met where there is no express conflict between the class representatives and the class." *Hamilton*, 82 Ohio St.3d at 77, 694 N.E.2d 442. P & M Estates maintains that two of the named class representatives have sought to settle their damage claims with P & M Estates apart from the class action lawsuit and, therefore, a conflict exists between the class representatives and the unnamed members of the class. We disagree. The evidence in the record is far from conclusive that the named class representatives in question have abandoned their

commitment to the class action. Moreover, since the class was certified only for the purposes of injunctive relief, a separate settlement on the issue of compensatory damages would not compromise the rights of other class members.

{¶ 30} P & M Estates' sole assignment of error is without merit and plaintiffs' first assignment of error on cross-appeal has merit.

{¶ 31} Plaintiffs' second assignment of error on cross-appeal challenges the trial court's refusal to certify a class for loss-of-use/loss-of-enjoyment damages and for property damages.

{¶ 32} The magistrate recommended certification for loss-of-use/loss-of-enjoyment damages, but not for property damages. As P & M Estates points out, plaintiffs failed to file objections to the magistrate's decision regarding property damages.[3] Civ.R. 53(E)(3)(d). Accordingly, plaintiffs have failed to preserve for review the issue of whether the trial court erred by not certifying a property damage subclass. See *Kistler v. Kistler*, 11th Dist. No. 2003–T–0060, 2004-Ohio-2309, 2004 WL 1047444, at ¶ 22 ("If a party fails to file objections to a magistrate's decision in accordance with Civ.R. 53, such claim or objection is waived for purposes of appeal, and an appellant may not then challenge the court's adoption of the magistrate's * * * findings of fact and conclusions of law").

{¶ 33} In rejecting the magistrate's recommendation regarding damages for loss of use/loss of enjoyment, the trial court stated that "plaintiffs have failed to prove that the claims of the individual tenants of the mobile home park are similar enough to warrant a finding that there are questions of law or fact common to the class or that the claims of the representative parties are typical of the claims of the purported class."

{¶ 34} Plaintiffs argue that the trial court misinterpreted the Civ.R. 23(A)(2) requirement of commonality with respect to "questions of law or fact common to the class." Plaintiffs note that "[s]uch a standard clearly does not require commonality with respect to damages but merely that the basis for liability is a common factor for all class members." *Ojalvo*, 12 Ohio St.3d at 235, 12 OBR 313, 466 N.E.2d 875; cf. *Warner*, 36 Ohio St.3d at 97, 521 N.E.2d 1091 (if there is a common liability issue, Fed.R.Civ.P. 23(a)(2) is satisfied) and at paragraph three

---

3. In fact, plaintiffs did not file any objections to the magistrate's decision. As a practical matter, plaintiffs were only required to object to the magistrate's decision regarding property damage, where the magistrate ruled against certification, but not to the decision regarding damages for loss of use/enjoyment, where the magistrate recommended certification. Accordingly, plaintiffs' failure to file objections precludes us from reviewing the trial court's decision not to certify a class for property damage, but we can review the decision not to certify for loss-of-use/enjoyment damages.

of the syllabus ("Courts generally have given a permissive application to the commonality requirement in Civ.R. 23(A)(2). This prerequisite has been construed to require a 'common nucleus of operative facts'"). We agree.

{¶ 35} In the present case, there is a common basis of liability with respect to both injunctive relief and to loss of use/loss of enjoyment, i.e., R.C. 3733.10. If it is determined that P & M Estates has violated its duties under the statute, plaintiffs would be entitled to injunctive as well as to loss-of-use/loss-of-enjoyment damages. Moreover, there is a "common nucleus of operative facts" underlying P & M Estates' potential liability in that the alleged violations of R.C. 3733.10 all arise from the recurrence of flood events. In recommending certification for the purpose of loss-of-use/loss-of-enjoyment damages, the magistrate cited testimony from a named and unnamed plaintiff that "when the park was flooded, they could not use the common areas of the park" and that "after the floodwaters recede, there is a sewer smell, flies and mosquitoes, a sulfur smell to the drinking water, and debris lying around."

{¶ 36} Given that both the injunctive relief and loss-of-use/loss-of-enjoyment subclasses share a common basis of liability in R.C. 3733.10 and that this liability arises from a common nucleus of operative facts in the recurrent flooding, we hold that the trial court abused its discretion by failing to certify a class for the purposes of loss-of-use/loss-of-enjoyment damages. Plaintiffs' second assignment of error on cross-appeal has merit.

{¶ 37} For the foregoing reasons, the January 12, 2004 judgment entry of the Portage County Court of Common Pleas is affirmed with respect to certification of a class for injunctive relief, reversed with respect to the certification of a class for loss-of-use/loss-of-enjoyment damages, and affirmed with respect to the denial of certification of a class for property damages. This cause is remanded with instructions for the trial court to certify the loss-of-use/loss-of-enjoyment subclass and for further proceedings consistent with this opinion.

Judgment accordingly.

FORD, P.J., and RICE, J., concur.