[Cite as *Black v. Girard*, 2020-Ohio-1563.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MILES BLACK, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellees, | : | **CASE NO. 2019-T-0053** |
| - vs - | : | |
| CITY OF GIRARD, OHIO, | : | |
| Defendant, | : | |
| BLUE LINE SOLUTIONS, LLC, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2018 CV 01256.

Judgment: Affirmed.

*Thomas A. Zimmerman, Jr.*, Zimmerman Law Offices, P.C., 77 West Washington Street, Suite 1220,Chicago, IL 60602, and *Marc E. Dann*, *Brian Daniel Flick*, and *Michael Andrew Smith, Jr.*, The Dann Law Firm, 2728 Euclid Avenue, Suite 300, P.O. Box 6031040, Cleveland, OH 44103 (For Plaintiffs-Appellees).

*Robert S. Yallech*, Reminger Co., LPA, 11 Federal Place Central, Suite 1200, Youngstown, OH 44503 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Blue Line Solutions, LLC, appeals the July 12, 2019 Judgment Entry of the Trumbull County Court of Common Pleas, granting plaintiffs-appellees' Amended Motion for Class Certification.  For the following reasons, we affirm

the decision of the court below.

{¶2} On July 16, 2018, plaintiffs, Miles Black, Melissa Black aka Melissa Hyde, Lorraine Morris, John Perfette, Samuel Rotz, and John Beal, filed a Class Action Complaint for Violation of the Ohio Constitution, Declaratory Judgment, Equitable Restitution, Violation of the Ohio Consumer Sales Protection Act, and Negligent Misrepresentation against defendants, the City of Girard and Blue Line Solutions.

{¶3} On July 18, 2018, the plaintiffs filed a Motion for Class Certification.

{¶4} On August 15, 2018, Girard filed a Motion to Dismiss, pursuant to Civil Rule 12(B)(6), for failure to state a claim upon which relief can be granted. The plaintiffs responded on August 30, 2018. Girard filed a Reply in Support of the Motion to Dismiss on September 10, 2018.

{¶5} On September 17, 2018, Blue Line Solutions filed a Motion to Dismiss, pursuant to Civil Rule 12(B)(6), for failure to state a claim upon which relief can be granted. As the basis for dismissal Blue Line Solutions argued:

> Plaintiff's Complaint alleges causes of action and damages that flow from the purported "invalid" speeding citations and consequent fines. BLS did not issue any of the citations in this case. The statutes and ordinances cited by plaintiffs make clear that only Girard had that authority. BLS collected none of the fines from the plaintiffs. Those were paid by the plaintiffs to Girard. * * * Plaintiffs cannot prove any set of facts in support of their claim [sic] which would entitle them to relief against BLS.

The plaintiffs responded on October 18, 2018. Blue Line Solutions filed a Reply Brief to the Plaintiffs' Response on October 24, 2018.

{¶6} On November 21, 2018, the trial court ruled on the Motions to Dismiss. The court noted:

> According to the complaint, each Plaintiff was issued a citation for speeding in the City of Girard between the time frame of December 7,

2

2017 to January 7, 2018. During this time frame, the posted speed limit on the subject area of Interstate 80 was 55 mph. According to the Plaintiffs, the speed limit in the subject area should have been 65 mph since the Ohio Department of Transportation had completed construction in the subject area on December 7, 2017. The citations were issued by the City of Girard, however, Blue Line operates the traffic enforcement system according to the complaint.

The court dismissed the plaintiffs' claims for violations of the Ohio Consumer Sales Practices Act and negligent misrepresentation. The court ruled that "the motions are denied as to the remaining claims for due process violations, declaratory judgment, equitable restitution, and civil conspiracy."

{¶7} On December 5, 2018, Blue Line Solutions filed its Answer to Plaintiffs' Class Action Complaint. On December 17, 2018, Girard filed its Answer.

{¶8} On May 2, 2019, the plaintiffs filed an Amended Motion for Class Certification. On May 31, 2019, Girard and Blue Line Solutions filed individual Briefs in Opposition to the Amended Motion for Class Certification. The plaintiffs filed a Reply on June 14, 2019. With leave of court, Girard and Blue Line Solutions jointly filed a Surreply in Opposition to the Amended Motion for Class Certification.

{¶9} On July 12, 2019, the trial court issued its ruling on the Amended Motion for Class Certification. The court granted the following "General Class":

{¶10} All persons and entities who were issued a citation for allegedly traveling in excess of 55 m.p.h. in violation of Girard City Ordinance 333.03 and/or Traffic Code Ordinance 8069-16, between December 7, 2017 and January 7, 2018, in the westbound lane of Interstate 80 within the municipal limits of the City of Girard.

{¶11} The court defined a "Subclass 1 of this general class definition" as follows:

> All persons and entities who were issued a citation for allegedly traveling in excess of 55 m.p.h. in violation of Girard City Ordinance 333.03 and/or Traffic Code Ordinance 8069-16, between December 7, 2017 and January 7, 2018, in the westbound lane of Interstate 80 within the municipal limits of the City of Girard, and who paid any fines, penalties

3

or fees related to the citation.

The court defined a "Subclass 2 of the general class definition" as follows:

> All persons and entities who were issued a citation for allegedly traveling in excess of 55 m.p.h. in violation of Girard City Ordinance 333.03 and/or Traffic Code Ordinance 8069-16, between December 7, 2017 and January 7, 2018, in the westbound lane of Interstate 80 within the municipal limits of the City of Girard, and who have not paid any fines, penalties or fees related to the citation, and whose citation was not found not liable at a hearing.

{¶12} On August 7, 2019, Blue Line Solutions filed a Notice of Appeal. On appeal, Blue Line Solutions raises the following assignment of error:

{¶13} "[1.] The trial court committed reversible error when it granted appellees' Amended Motion for Class Certification, finding appellees had named an identifiable and unambiguous class that was not overly broad."

{¶14} At oral argument, Blue Line Solutions raised arguments regarding its liability for citations that it neither issued nor enforced. These same arguments were raised in its September 17, 2018 Motion to Dismiss. As these arguments were addressed in an interlocutory order and were not raised in Blue Line Solutions' appellant's brief, they are not properly before this court and we decline to address them.

{¶15} An action may be maintained as a class action "if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Civ.R. 23(A).

{¶16} In addition to these prerequisites, "[a] class action may be maintained if * * * the court finds that the questions of law or fact common to the members of the class

4

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Civ.R. 23(B)(3); *In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 7.

{¶17} Finally, there are "[t]wo prerequisites * * * implicitly required by Civ.R. 23": the class must be identifiable and unambiguous, and the class representatives must be members of the class. *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, 521 N.E.2d 1091 (1988), paragraphs one and two of the syllabus, 96; *Hamilton v. Ohio Savings Bank*, 82 Ohio St.3d 67, 71, 694 N.E.2d 442 (1998).[1]

{¶18} "A trial court must conduct a rigorous analysis when determining whether to certify a class pursuant to Civ.R. 23 and may grant certification only after finding that all of the requirements of the rule are satisfied; the analysis requires the court to resolve factual disputes relative to each requirement and to find, based upon those determinations, other relevant facts, and the applicable legal standard, that the requirement is met." *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, paragraph one of the syllabus.

{¶19} "A party seeking certification pursuant to Civ.R. 23 bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets each of the requirements set forth in the rule." *Id.* at paragraph three of the syllabus.

{¶20} "A trial judge has broad discretion in determining whether a class action

---

1. The Ohio Supreme Court in *Hamilton* identified the seven necessary requirements before an action could be maintained as a class action as follows: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met." *Id.* at 71.

5

may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus; *Vinci v. American Can Co.*, 9 Ohio St.3d 98, 459 N.E.2d 507 (1984), paragraph one of the syllabus. The abuse of discretion standard "applies to the ultimate decision of the trial court, * * * as well as to its determination regarding each requirement of the rule." *Cullen* at ¶ 19. Nevertheless, as in civil cases generally where "the burden of persuasion is only by a preponderance of the evidence, * * * evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id.* at ¶ 20, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19.

{¶21} Blue Line Solutions raises three arguments under its sole assignment of error. The first is that the certified class is overly broad because it "includes members who suffered no injury." Its position is that "the members of [the] proposed class who were cited for speeding at 75 m.p.h. or greater (ten miles above the 65 m.p.h. threshold appellees assert is correct) would have received citations regardless, and therefore could not have suffered an injury.[2] Appellant's brief at 9.

{¶22} Blue Line Solutions relies upon the following proposition: "If * * * a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification." (Citation omitted.) *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 53.

Plaintiffs in class-action suits must demonstrate that they can prove,

---

2. A vehicle must be traveling "at a speed that exceeds the posted speed limit by not less than ten miles per hour" in order for a ticket to be issued "based upon evidence recorded by a traffic law photo-monitoring device." R.C. 4511.0912(B).

6

through common evidence, that all class members were in fact injured by the defendant's actions. * * * Although plaintiffs at the class-certification stage need not demonstrate through common evidence the precise amount of damages incurred by each class member, * * * they must adduce common evidence that shows all class members suffered *some* injury.

*Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 33. "If the class plaintiff fails to establish that all class members were damaged (notwithstanding questions regarding the individual damages calculations for each class members [sic]), there is no showing of predominance under Civ.R. 23(b)(3)." *Id.* at ¶ 35.

{¶23} We disagree that, even if the trial court were to determine that 65 m.p.h. was the proper speed limit, class members traveling in excess of 75 m.p.h. would not have suffered an injury-in-fact. The plaintiffs' position is that the actual speed of particular class members is not relevant inasmuch as the citations were invalid and unenforceable. See Class Action Complaint at ¶ 73 ("[p]ursuant to R.C. § 2721.02, Plaintiffs and members of the Class, Subclass 1, and Subclass 2 are entitled to a declaration that the Citations issued in the I-80 Non-Construction Zone * * * are invalid and unenforceable"). While we offer no opinion on the merits of the argument, the claim that the citations are invalid "ab initio" is a sufficient demonstration of common evidence that all class members have allegedly suffered some injury. *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 233, 466 N.E.2d 875 (1984) ("[c]lass action certification does *not* go to the merits of the action"); *Binder v. Cuyahoga Cty.*, 2019-Ohio-1236, 134 N.E.3d 807, ¶ 147 (8th Dist.) (the existence of an injury-in-fact "is a merit issue and is not something typically addressed in determining whether a class should have been certified").

{¶24} Both *Stammco* and *Felix* are distinguishable. The certified class in

7

*Stammco* was defined as persons who were billed for unauthorized telephone service charges. This definition was found to be "too broad" not because unauthorized service charges did not constitute an injury-in-fact, but because the defendant had "no records regarding which charges are authorized and which are not": "every person who was billed a third-party charge for which [the defendant] had no prior authorization is now a class member even if the third-party charge was proper." *Stammco* at ¶ 56. Unlike the present case, the class in *Stammco* was not "readily identifiable." *Id.*

{¶25} In *Felix*, the defined class "encompass[ed] consumers who purchased a vehicle * * * through a purchase contract that contained [an] unconscionable arbitration provision." *Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, at ¶ 37. However, merely entering into a purchase contract containing an unconscionable provision did not constitute an injury-in-fact in the absence of any "showing that all of the consumers who purchased vehicles through a contact with the offensive arbitration provision were injured by it or suffered any damages." *Id.* The allegedly invalid citations at issue herein did constitute an actual injury inasmuch as all potential class members were subject to fines and penalties which could not have otherwise been imposed. Although worded somewhat awkwardly, the defined classes exclude persons who contested their citations and were found "not liable at a hearing."

{¶26} Blue Line Solutions argues that "[i]ncreasing the speed limit from 55 m.p.h. to 65 m.p.h. would not invalidate [the] citations, and therefore [class members traveling at a speed of 75 m.p.h. or greater] could not have suffered injuries or be entitled to remedies even if appellees' declaratory judgment were granted." Appellant's brief at 12. This contention, however, raises the merits of the underlying action: "At the

8

certification stage in a class-action lawsuit, a trial court must undertake a rigorous analysis, which may include probing the underlying merits of the plaintiff's claim, but only for the purpose of determining whether the plaintiff has satisfied the prerequisites of Civ.R. 23." *Stammco* at syllabus. It is the validity of the citations that is at issue and so any argument as to whether increasing the speed limit would or would not invalidate them is inappropriate at this stage of the proceedings. *Ojalvo*, 12 Ohio St.3d at 233, 466 N.E.2d 875 (the trial court abused its discretion in considering whether certain contractual agreements had been breached as there was no need to consider arguments "beyond the necessity of establishing the validity of certification under Civ.R. 23").

{¶27} Blue Line Solutions' next argument is that the certified class is "overly broad because it includes parties who waived their rights to adjudicate their citations" by not requesting a hearing pursuant to R.C. 4511.098(A)(5) ("[t]he failure to request a hearing within [the] time period constitutes a waiver of the right to contest the violation and ticket, and is deemed to constitute an admission of liability and waiver of the opportunity to contest the violation"). Likewise, it argues that "[t]hose appellees who either paid their fine in lieu of attending their hearing or failed to pay their fine and did not request a hearing have waived their right to contest their citation" under the doctrine of waiver and/or satisfaction. Appellant's brief at 15.

{¶28} The arguments raised by Blue Line Solutions – whether exhaustion, waiver, or satisfaction – are all affirmative defenses, *see* Civ.R. 8(C), the validity of which are only relevant to the degree that they affect the plaintiffs' ability to satisfy the requirements of Civil Rule 23. "When 'one or more of the central issues in the action

9

are common to the class and can be said to predominate, the action may be considered proper * * * even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" (Citation omitted.) *Tyson Foods, Inc. v. Bouaphakeo*, __ U.S. __, 136 S.Ct. 1036, 1045, 194 L.Ed.2d 124 (2016); *Toliver v. Semple*, D.Conn. No. 3:16-cv-1899, 2019 WL 4686587, *4 ("[n]either exhaustion nor standing are part of the class certification analysis, because both challenge whether the case should proceed, not whether the class should be certified, and are better addressed by a motion to dismiss"); *Binder*, 2019-Ohio-1236, 134 N.E.3d 807, at ¶ 53 ("[f]ailure to exhaust administrative remedies is an affirmative defense and accordingly, if raised it will be addressed when the merits of the case are addressed").

{¶29} In the present case, the validity of the defenses raised by Blue Line Solutions is contested by the plaintiffs and resolution of the issue is more properly reserved for a consideration on its own merits rather than in the class certification context. The existence of the issue does not impinge on the requirements of Civil Rule 23 and, as has been observed, the application of "[t]he exhaustion doctrine is not without exception." *Dworning v. Euclid*, 119 Ohio St.3d 83, 2008-Ohio-3318, 892 N.E.2d 420, ¶ 10. Moreover, Blue Line Solutions acknowledges that the "overwhelming majority of appellees' proposed class members refused to participate in the process at all by failing to request a hearing." Appellant's brief at 19. Accordingly, it cannot be said that the exhaustion issue is inconsistent with the fundamental purposes of class action certification as a method of fairly and efficiently adjudicating the parties' rights in the controversy. *Binder* at ¶ 80 (where "most, if not all, of the * * * plaintiffs did not

10

exhaust their administrative remedies * * * the issue of failure to exhaust administrative remedies is one of the issues the trial court would be required to determine for the entire class").

{¶30} Blue Line Solutions' final argument is that "the appellees have presented a class with a myriad of different factual circumstances that give rise to diverse questions of law and fact that are not appropriately resolved in a single adjudication." Appellant's brief at 22. Specifically, Blue Line Solutions identifies those class members who were traveling at speeds of 75 m.p.h. or greater and those class members who refused to request hearings. It maintains that these individual questions would predominate the litigation. We disagree.

{¶31} Neither of the two circumstances identified by Blue Line Solutions would significantly impede the progress of a class action lawsuit or compromise its fairness. As a factual matter, the class members who exceeded 75 m.p.h. and/or who did not challenge their citations by requesting a hearing may be readily determined from the documents in the parties' possession. The issues raised by these two circumstances are essentially legal issues and capable of resolution through briefing.

{¶32} The trial court identified the "validity of the citation [as] the common legal question to each proposed class member": "[i]t is the issuance of the citation itself that forms the substance of the dispute – not the individual variances." The court further stated that the "legal questions raised by the proposed subclasses would have common questions of law," although the "questions of fact for each might be substantially different as to speed, location and response to receipt of the citation." The court recognized that the division of the general class into one subclass of "those who paid

11

the citation in some manner" and another subclass of "those that did not" would help "to separate those factual issues not germane to the entire group." The court's analysis is reasonable. We find no abuse of discretion.

{¶33} The sole assignment of error is without merit.

{¶34} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting the plaintiffs' Amended Motion for Class Certification, is affirmed. Costs to be taxed against the appellant.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.