[Cite as *Ayers v. KCI Technologies, Inc.*, 2019-Ohio-3614.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| JENNIFER L. AYERS, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2018-P-0087** |
| KCI TECHNOLOGIES, INC., et al., | : | |
| Defendants, | : | |
| OSCAR BRUGMANN SAND & GRAVEL, INC., et al., | : | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2014 CV 00572.

Judgment: Affirmed.

*Edward A. Proctor* and *Thomas J. Connick*, Connick Law, LLC, 25550 Chagrin Boulevard, Suite 101, Cleveland, OH 44122 (For Plaintiffs-Appellees).

*Jeffrey T. Kay*, *Frank H. Scialdone*, and *John D. Pinzone*, Mazanec, Raskin & Ryder Co., LPA, 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139, and *David James Garnier*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Defendants-Appellants, County of Portage, Ohio, Portage County Engineer, and Michael Marozzi).

*Dennis R. Fogarty*, Davis & Young LPA, 29010 Chardon Road, Willoughby Hills, OH 44092 (For Defendant-Appellant, Pasquale Romano).

*Craig G. Pelini*, *Eric J. Williams,* and *Nicole H. Richard*, Pelini, Campbell & Williams LLC, 8040 Cleveland Avenue, NW, Suite 400, North Canton, OH 44720 (For Defendants-Appellants, Oscar Brugmann Sand & Gravel, Inc. and Todd Brugmann).

MATT LYNCH, J.

{¶1} Defendants-appellants appeal the decision of the Portage County Court of Common Pleas to grant class certification to plaintiffs-appellees. For the following reasons, we affirm the decision of the court below.

{¶2} On July 16, 2014, Jessica L. Ayers and other representative plaintiffs filed a Class Action Complaint against KCI Technologies, Inc.; MS Consultants, Inc.; Oscar Brugmann Sand & Gravel, Inc.; Todd Brugmann; the Portage County Engineer; County of Portage, Ohio; Romano & Sons Nursery; Pasquale Romano; and Michael Marozzi. The plaintiffs are or have been at relevant times residents or property owners in the Aurora East Subdivision, Shalersville Township, Portage County. The Complaint summarizes its allegations as follows:

> Plaintiffs, on behalf of themselves and Class of similarly situated persons defined below, bring this suit to seek redress for negligence, continuing nuisance, continuing trespass, Unconstitutional Taking under both the Ohio and Federal Constitutions, Writ of Mandamus for Inverse Condemnation, and injunctive and declaratory relief. Plaintiffs have been and continue to be injured by Defendant KCI Technologies, Inc.'s, as successor in interest by acquisition of McCoy Associates, Inc., ("Defendant KCI") and Defendant MS Consultants, Inc.'s ("Defendant MS") negligent failure to properly design the Aurora East Storm Drainage System improvements, to convey the flow of storm water and prevent storm water from overwhelming the system and flooding Plaintiffs' properties; this includes, but is not limited to, downsizing the storm drainage systems due to alleged lack of funds, despite knowledge [that] the downsized systems would be insufficient to handle the storm water flow, and failing to re-direct and/or divert water from the adjoining area, so as to avoid entering the subdivision. Plaintiffs have also been and continue to be injured by Defendant Todd Brugmann, Defendant Oscar Brugmann Sand & Gravel's (collectively, "Defendant Brugmann") and Defendant Romano & Sons Nursery's and Defendant Pasquale Romano's (collectively, "Defendant Romano") construction, alteration and modifications on their respective properties which has altered the natural water flow in the Aurora East Drainage System contributing to the unreasonable flooding of Plaintiffs' properties. Plaintiffs have

2

also been and continue to be damaged by the negligence, reckless, willful and wanton actions of the Portage County Engineer's negligent failure to properly operate, maintain and/or upkeep the Aurora East Storm Drainage Sewer System, Aurora East roadways, and the drainage from the aforementioned [sic] swamp area that the county has negligently maintained and alleged unreasonable amounts of water to be diverted directly into the Aurora East Subdivision. Additionally, the Portage County engineer has acted with wanton, willful and reckless disregard for the rights of the Aurora East residents and property owners. Alternatively, Plaintiffs are entitled to fair and just compensation for the County of Portage, Ohio's unconstitutional taking of their properties under both the Ohio and Federal Constitution.

{¶3} In the course of the subsequent litigation, the plaintiffs dismissed KCI Technologies, MS Consultants, Todd Brugmann, and Romano & Sons Nursery as defendants.

{¶4} On July 21, 2017, the plaintiffs filed a Motion to Certify Class Action. The plaintiffs sought to have the class defined as follows: "All persons who own or owned real property in the Aurora East Subdivision at any time since 1998."

{¶5} On November 13, 2017, defendants Pasquale Romano, Brugmann Sand & Gravel, Portage County Engineer, Portage County, and Michael Marozzi filed a Joint Memorandum in Opposition to Plaintiffs' Motion to Certify Class Action.

{¶6} On November 21, 2017, the plaintiffs filed a Reply Brief in Support of their Motion to Certify Class Action.

{¶7} On November 1, 2018, the trial court granted the Plaintiffs' Motion to Certify Class Action, but amended the proposed class definition as follows: "All persons who own or owned real property in the East Aurora Subdivision at any time since 1998 and whose property suffered excessive flooding and/or whose property was unduly taken or otherwise adversely affected due to any actions on the part of Defendants causing alterations of surface water through the Subdivision."

3

{¶8} On November 26, 2018, the defendants filed a Notice of Appeal. On appeal, they raise the following assignment of error: "The trial court abused its discretion when it granted class certification."

{¶9} An action may be maintained as a class action "if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Civ.R. 23(A).

{¶10} In addition to these prerequisites, "[a] class action may be maintained * * * if * * * the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fairly and efficiently adjudicating the controversy." Civ.R. 23(B)(3); *In re Consol. Mgte. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 7.

{¶11} Finally, there are "[t]wo prerequisites * * * implicitly required by Civ.R. 23": the class must be identifiable and unambiguous; and the class representatives must be members of the class. *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, 521 N.E.2d 1091 (1988), paragraphs one and two of the syllabus, 96; *Hamilton v. Ohio Savings Bank*, 82 Ohio St.3d 67, 71, 694 N.E.2d 442 (1998).[1]

{¶12} "A trial court must conduct a rigorous analysis when determining whether

---

1. The Ohio Supreme Court in *Hamilton* identified the seven necessary requirements before an action could be maintained as a class action as follows: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met." *Id.* at 71.

to certify a class pursuant to Civ.R. 23 and may grant certification only after finding that all of the requirements of the rule are satisfied; the analysis requires the court to resolve factual disputes relative to each requirement and to find, based upon those determinations, other relevant facts, and the applicable legal standard, that the requirement is met." *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, paragraph one of the syllabus.

{¶13} "A party seeking certification pursuant to Civ.R. 23 bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets each of the requirements set forth in the rule." *Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at paragraph three of the syllabus.

{¶14} "A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus; *Vinci v. American Can Co.*, 9 Ohio St.3d 98, 459 N.E.2d 507 (1984), paragraph one of the syllabus. The abuse of discretion standard "applies to the ultimate decision of the trial court, * * * as well as to its determination regarding each requirement of the rule." *Cullen* at ¶ 19. Nevertheless, as in civil cases generally where "the burden of persuasion is only by a preponderance of the evidence, * * * evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id.* at ¶ 20, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19.

{¶15} With respect to the mandate for the trial court to "conduct a rigorous analysis" as to whether class certification is appropriate, this court has held: "Where the trial court's written decision granting class certification provides an articulated rationale

5

sufficient to support an appellate inquiry into whether the relevant factors were properly applied, the trial court does not abuse its discretion in conducting its rigorous analysis." *Unifund CCR Partners v. Piaser*, 11th Dist. Ashtabula No. 2016-A-0076, 2019-Ohio-183, ¶ 17, citing *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 483, 727 N.E.2d 1265 (2000).

{¶16} The defendants' challenge to class certification focuses generally on three elements: commonality, typicality, and the predominance of common questions of law or fact.

### Civil Rule 23(A)(2) ("questions of law or fact common to the class")

{¶17} "Courts generally have given a permissive application to the commonality requirement in Civ.R. 23(A)(2). This prerequisite has been construed to require a 'common nucleus of operative facts.'" (Citation omitted.) *Warner*, 36 Ohio St.3d 91, 521 N.E.2d 1091, at paragraph three of the syllabus. Civil Rule 23(A)(2) "clearly does not require commonality with respect to damages but merely that the basis of liability is a common factor for all class members." *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 235, 466 N.E.2d 875 (1984); *Warner* at 97 ("[i]f there is a common liability issue" or "if there is a common fact question relating to negligence * * * the Rule is satisfied") (citation omitted). "Typically, the subdivision (a)(2) requirement is met without difficulty for the parties and very little time need be expended on it by the * * * judge." (Citation omitted.) *Warner* at 97.

{¶18} In determining that the commonality requirement was satisfied, the trial court stated: "Here, all class members would have similar legal claims stemming from the same nucleus of operative facts surrounding the alleged actions on the part of Defendants causing alterations of surface water through the Subdivision. The answer

to the question of whether or not those alleged actions caused damage to the property in the Subdivision would apply equally to the class as a whole and, accordingly, resolve the dispute across the board."

{¶19} The defendants contest this finding on the grounds that "none of the Plaintiffs experienced the exact same flooding events in the same manner." The defendants note that different plaintiffs experienced flooding in different years. Moreover, "none of the named Plaintiffs can agree on the same exact location from where the flooding in the Subdivision originates." Appellants' brief at 16. "Some of the Plaintiffs live on the east side of the Subdivision closer to the Brugmann property, some of the Plaintiffs live on the west side of the Subdivision closer to the Romano property, and other Plaintiffs live throughout the Subdivision." Therefore, it is not possible "to isolate which Defendant, if any, is responsible for their flooding." Appellants' brief at 17. Finally, the defendants argue that actions taken by individual plaintiffs "have altered the drainage surrounding their respective properties," affecting not only the impact of flooding on their own properties but on that of their neighbors as well. Appellant's brief at 18.

{¶20} We find no abuse of discretion in the trial court's determination that the commonality prerequisite was satisfied. Here, the common question of law or fact is the defendants' liability for "causing alterations of surface water through the Subdivision." The defendants' objections to a commonality finding focus on the potential disparity in individual recoveries on account of particular circumstances, such as location within the Subdivision or actions contributing to the flooding. But these considerations do not invalidate the fact that the defendants' alleged conduct in altering the flow of surface water into the Subdivision establishes a common basis for liability. "It is not necessary

7

that all the questions of law or fact raised in the dispute be common to all the parties." *Hamilton*, 82 Ohio St.3d at 77, 694 N.E.2d 442. Rather, "[t]he issue of whether there are any additional questions affecting only individual class members does not enter the class certification analysis until the Civ.R. 23(B)(3) requirement of predominance and superiority is applied." *Id.*

{¶21} The application of this principle in determining commonality is illustrated in the case of *Berdysz v. Boyas Excavating, Inc.*, 2017-Ohio-530, 85 N.E.3d 288 (8th Dist.), where the plaintiffs (property owners) sought class certification on the grounds that "noxious odors emanating from the City View property [development] * * * resulted in a nuisance that interferes with the peaceful and useful enjoyment of their properties, and has diminished the value of their properties." *Id.* at ¶ 37. It was objected that "individual differences in certain issues among the proposed class defeats the commonality requirement." *Id.* at ¶ 30. The court of appeals rejected the argument, noting that "there need be only a single issue common to all members of the class," and the "fact that questions peculiar to each individual member of the class * * * remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." (Citation omitted.) *Id.*

{¶22} The defendants cite to the cases of *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), for the proposition that "raising common questions is not enough[,] [r]ather, the requirement is to 'generate common *answers* apt to drive the resolution of the litigation.'" *Stammco* at ¶ 32, citing *Dukes* at 350. A finding of commonality in the present case accords with this proposition. The alleged negligence, nuisance, trespass and/or taking by the

8

defendants based on their conduct in diverting the flow of surface water into the Subdivision is a sine qua non for, albeit not a guaranty of, recovery by any of the plaintiffs.

**Civil Rule 23(A)(3) ("the claims or defenses of the representative parties are typical of the claims or defenses of the class")**

{¶23} The rationale behind the typicality requirement is that "a plaintiff with typical claims will pursue his or her own self-interest in the litigation and in so doing will advance the interests of the class members, which are aligned with those of the representative." (Citation omitted.) *Baughman*, 88 Ohio St.3d at 485, 727 N.E.2d 1265; *Marks*, 31 Ohio St.3d at 202, 509 N.E.2d 1249 ("[t]he purpose of this provision is to protect absent class members"). "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims." (Citation omitted.) *Baughman* at 485; *Hamilton*, 82 Ohio St.3d at 77, 694 N.E.2d 442 ("[t]he requirement for typicality is met where there is no express conflict between the class representatives and the class"). "The defenses or claims of the class representatives must be typical of the defenses or claims of the class members. They need not be identical." *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St.3d 56, 64, 556 N.E.2d 157 (1990).

{¶24} In determining that the commonality requirement was satisfied, the trial court stated: "In this case, it appears that the named Plaintiffs' interests are the same as those of the other class members and not, in any way, antagonistic toward the other class members. Plaintiffs allege that they and the members of the putative class have interests that are, indeed co-extensive, as property owners in the Aurora East

9

Subdivision who have suffered damage to their property as a result of the alleged actions of the Defendants."

**{¶25}** The defendants assert that there can be no typicality inasmuch as the "claims [of the numerous named Plaintiffs] inherently require individualized proof of separate facts and involve a consistently changing set of circumstances over a span of more than fifteen years." Appellant's brief at 22. "None of the Plaintiffs experienced the same damages or the same amount of damages" and, therefore, are "not subject to any formulaic method of proof." Appellants' brief at 27.

**{¶26}** These arguments misconstrue the purpose behind the typicality requirement. The defendants' arguments do not impugn the ability or the incentive of the class representatives to advance the interests of the other class members and, as properly noted by the trial court, none of the class representatives' claims are antagonistic to the claims of other class members.

**{¶27}** Again, the *Berdysz* case is illustrative. Similar to the defendants in this case, the defendant in *Berdysz* argued "the plaintiffs failed to demonstrate typicality because their claims require proof of individualized causation." *Berdysz*, 2017-Ohio-530, 85 N.E.3d 288, at ¶ 38. The court of appeals rejected the argument, noting that "the incentives of the plaintiffs are aligned with those of the class" and "[r]esolution of the plaintiffs' claims and the city's defenses will apply equally to the class area." (Citation omitted.) *Id.* at ¶ 38 and 39.

**{¶28}** The cases cited by the defendants for the proposition that the inability to determine damages on a class-wide basis bars class certification, *Petty v. Wal-Mart Stores, Inc.*, 148 Ohio App.3d 348, 2002-Ohio-1211, 773 N.E.2d 576 (2d Dist.), and *Crutchfield v. Sewerage and Water Bd. of New Orleans*, 829 F.3d 370 (5th Cir.2016),

10

are distinguishable and/or inapposite. In *Petty*, not only were the class members' damages "highly individualized," but the court of appeals found that there was not "a single issue in the case that [was] susceptible of proof or disproof by a body of general evidence applicable to the entire class." *Petty* at ¶ 28. "Without at least one issue that can be determined on a class-wide basis, there is no point to adjudication by means of a class action." *Id.* In the present case, however, the defendants' alleged liability for diverting surface water into the Subdivision provides a common issue which may be determined on a class-wide basis.

{¶29} In *Crutchfield*, the circuit court of appeals merely affirmed that "[t]he district court did not err in concluding that highly individualized issues of both causation and damages would predominate over any common liability questions or defenses that might exist." *Crutchfield* at 378. In doing so, the court recognized that "damages are often an individualized determination and Plaintiffs correctly note that courts often certify class actions and provide for bifurcated damages trials after a classwide trial on other issues." *Id.*

{¶30} It should be also noted that in both *Petty* and *Crutchfield* the courts were discussing the issue of predominance rather than typicality.

### Civil Rule 23(B)(3) ("questions of law or fact common to class members predominate over any questions affecting only individual members")

{¶31} The predominance inquiry under Civil Rule 23(B)(3) "requires a court to balance questions common among class members with any dissimilarities between them, and if the court is satisfied that common questions predominate, it then should 'consider whether any alternative methods exist for resolving the controversy and whether the class action method is in fact superior.'" (Citation omitted.) *Cullen*, 137

11

Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 29. "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." (Citation omitted.) *Id.* at ¶ 30; *Schmidt v. Avco Corp.*, 15 Ohio St.3d 310, 313, 473 N.E.2d 822 (1984) ("in determining whether common questions of law or fact predominate over individual issues, it is not sufficient that common questions merely exist; rather, the common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication").

{¶32} In determining that the predominance requirement was satisfied, the trial court stated: "The claims of the Plaintiffs and the putative class members regarding the alleged damages to their properties in the Aurora East Subdivision as a result of the alleged actions of the Defendants appear to be based upon the same theories of recovery and therefore fulfill the status of common factual and/or legal issues as contemplated in Rule 23(B)(3)."[2]

{¶33} The defendants reiterate the arguments made previously with respect to the requirements of commonality and typicality: "[N]one of the Plaintiffs suffered the same flooding events in the same manner. * * * [B]ecause each of the Plaintiffs experienced a different flood in a different manner, there are many different causes for

2. The trial court made other findings, pertinent to the requirements of Civil Rule 23(B)(3), which are not disputed on appeal: "First of all, there is nothing to indicate that any putative class members have filed suits of their own regarding the claims set forth in Plaintiffs' Complaint. Further, resolution of the issues at hand on a class-wide basis would be beneficial to both the Court and to the litigants in terms of efficiency of time and money, as well as in the consistency of analysis of said factual and legal issues. There appears to be no interest on the part of any putative class member to control the prosecution of a separate action at present. * * * Inasmuch as the cause of action arose in Portage County, it appears desirable to concentrate the litigation in the Portage County Common Pleas Court. Finally, it appears that no management difficulties exist so as to preclude the prosecution of the instant case as a class action."

12

the flooding events and, therefore, multiple theories of liability and causation." Appellant's brief at 30-31. Accordingly, the trial court's finding that plaintiffs' claims "appear to be based upon the same theories" constitutes an abuse of discretion. We disagree.

{¶34} In support of their Motion to Certify Class Action, the plaintiffs cited the testimony of the Portage County Engineer (defendant Marozzi), their own retained civil engineer, Karen Ridgway, and other testimony to establish, by a preponderance of the evidence, the existence of common questions of law or fact relating to the drainage of surface water into the Subdivision. The underlying issue involves Portage County's design, operation, and maintenance of a storm water system completed in 1998. Ancillary to this issue is the effect that the immediately adjoining property owners', represented by defendants Brugmann Sand & Gravel and Romano, alteration of their own property had on drainage into the Subdivision. While it could be argued that Portage County's potential liability is distinct from that of Brugmann Sand & Gravel's or Romano's, the evidence in the record does not support this position inasmuch as the liability of any single defendant will be relative to the liability of other defendants. Because all defendants' alleged liability relates to drainage of surface water into the Subdivision, a convincing claim can be made that the common questions predominate. As noted above, while the defendants' liability might not entitle all plaintiffs to recovery, its absence would universally be fatal to their claims.

{¶35} We further note that the propriety of class certification is not compromised by the fact that individual plaintiffs may have differing opinions as to the cause of the flooding. Class counsel will be responsible for determining what evidence to present in support of plaintiffs' claims.

13

**{¶36}** We acknowledge that the case of *State ex rel. Huttman v. Parma*, 2016-Ohio-5624, 70 N.E.3d 1074 (8th Dist.), supports the defendants' arguments against certification, although we do not find it controlling. In *Huttman*, the plaintiffs, residents of Parma, experienced "backup" flooding of the municipal sewer system on February 28, July 19, and July 23, 2011. *Id.* at ¶ 2. They filed a class action complaint on the theory that "water and sewage invaded their properties due to the failure of Parma to exercise reasonable care in the maintenance and repair of its sanitary sewer system." *Id.* at ¶ 3. The trial court granted class certification and the court of appeals reversed.

**{¶37}** Although the court of appeals recognized that "a common question exists regarding Parma's violation of the relevant standard of care due to historical negligence in the maintenance of its sewers," it could not conclude that this question predominated because it appeared, "[d]ue to the widely varying conditions of Parma's sanitary sewer problems," that "the resolution of factual questions pertaining to proximate causation will be unique to each homeowner." *Id.* at ¶ 31. The court noted, as have the defendants herein, that "the flooding did not uniformly occur even with the named plaintiffs." *Id.* at ¶ 32. Thus, "under the record [before the court of appeals] the trial court abused its discretion in granting class certification." *Id.* at ¶ 33.

**{¶38}** We decline to follow *Huttman* for several reasons. First, it is impossible to compare the situation in the present case with the record in *Huttman* to any significant degree. We do not know how the certified class in *Huttman* was defined. We do not know the number of putative class members involved nor their geographic distribution. The court in *Huttman* even spoke of the "limited facts before [the court]" which did "not completely foreclose class certification in the future." *Id.* Arguably the present case could be distinguished given the limited geographical area (a Subdivision) and the

14

limited theory of liability (surface water drainage), but, in the absence of specific details, such speculation is idle.

**{¶39}** Moreover, we find it difficult to reconcile the court of appeals' position in *Huttman* that "liability at this time cannot be determined across the class but, instead, appears as though it must be examined on a house-by-house basis" with the admonition that a trial court's "probing the underlying merits of the plaintiff's claim" is for the limited "purpose of determining whether the plaintiff has satisfied the prerequisites of Civ.R. 23." *Huttman* at ¶ 31; *Stammco*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, at syllabus. Rather, the *Huttman* court basically held that genuine issues of material fact regarding causation existed which precluded the plaintiffs from proving predominance. *Huttman* at ¶ 31 ("we cannot say that the [allegedly common] question predominates for the same reason that we found genuine issues of material fact remain in the first assignment of error"). Certainly class action plaintiffs must establish that their theory of liability predominates over individual questions. Beyond this, however, the inquiry is not meant to adjudicate the merits of the case.

**{¶40}** Based on the record before this court, we conclude that the trial court's determination that the common questions regarding surface water drainage predominate over questions affecting individual class members was within the reasonable exercise of its discretion. *Hamilton*, 82 Ohio St.3d at 70, 694 N.E.2d 442 ("the appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket").

**{¶41}** The sole assignment of error is without merit.

15

{¶42} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed. Costs to be taxed against appellants.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.